# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Earley Romero Blevins,

                   Petitioner,           **Civil File No: 13-cv-2796 (PAM/SER)**

v.

                                  **REPORT AND RECOMMENDATION**

Department of Corrections,                 **AND ORDER**

                   Respondent.

---

Earley Romero Blevins, *Pro Se*, No. 175773, 1000 Lake Shore Drive, Moose Lake, Minnesota 55767.

Elizabeth Roosevelt Johnston and Jean E. Burdorf, Esqs., Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, Minnesota 55487, for Respondent.

Matthew Frank and James B. Early, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Earley Romero Blevins's ("Blevins") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. No. 1] and Motion to Send Petitioner Back to Prison (DOC) ("Motion to Send Petitioner Back to Prison") [Doc. No. 22].

A jury convicted Blevins of aiding and abetting first-degree aggravated robbery, and the district court sentenced him to 129 months. *State v. Blevins*, No. A12-1479, 2013 WL 3368427, at *1 (Minn. Ct. App. July 8, 2013). In his Petition, Blevins argues the evidence was insufficient to convict him, the trial court violated its own rules by using criminal convictions more than ten years old, the trial court failed to provide a cautionary instruction to the jury, and that he received

ineffective assistance of counsel. (Pet. at 6, 8–9, 11).[1] The State argues Blevins's arguments about insufficient evidence and ineffective assistance of trial counsel are procedurally defaulted and fail on their merits regardless. *See* (State's Mem.) [Doc. No. 19 at 5–10, 14–19]. The State argues that Blevins's claims about the trial court's errors fail to state violations of the United States Constitution or federal law, and even if they did, they fail on their merits. *See* (*id.* at 10–14).

This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying Blevins's Petition and dismissing the action. The Court denies the Motion to Send Petitioner Back to Prison as moot.

## I.     BACKGROUND

### A.     Background in State Court

#### 1.     Factual Background

The Minnesota Court of Appeals summarized the factual background as follows:

On the evening of February 21, 2012, H.K. was getting off a bus in Minneapolis when he saw two men who had harassed him in the past. Three days before, the men had pushed H.K. into traffic while he was waiting for a bus. H.K. had never spoken to the men except for some "trash talk." The men were later identified as Maurice Giles ["Giles"] and appellant Blevins.

As H.K. got off the bus, Giles yelled, "hey, are you looking at me[?]" H.K. testified that he normally ignored such taunts, "but it happened so many times, [he] got kind of fed up and just turned around." With a retractable baton in

---

[1]     Blevins's statement regarding ineffective assistance of counsel ("Ground Four") is nearly illegible. *See* (Pet. at 9). The Court believes the Petition states "counsil [sic] Shuly Her fell short [illegible]." (*Id.*). Respondent Department of Corrections (the "State") responded to Ground Four as though it is a claim for ineffective assistance of trial counsel, and Blevins's Reply discusses performance of his trial counsel, Shuly Her, at length. *See* (State's Mem. at 14–19); (Reply to Resp't's Answer, "Reply") [Doc. No. 23 at 1–3]. All page numbers in this Report and Recommendation and Order refer to those assigned by CM/ECF unless otherwise noted.

his hand, H.K. faced the two men and began retreating into a parking lot. The men advanced and when they got close enough to touch H.K., Blevins reached around Giles and punched H.K. in the jaw.

Giles and Blevins then took turns "coming at" H.K., striking him several times in the face and torso. H.K. unsuccessfully attempted to fight the men off and they eventually knocked him to the ground. Blevins then sat on top of H.K., took H.K.'s wallet out of his hip pocket, and handed it to Giles. Blevins and Giles argued about the wallet, which contained no money, and Giles eventually put the wallet back in H.K.'s pocket without taking anything.

Several bystanders saw the fight and called 911, and police quickly arrested Giles and Blevins. Hennepin County charged Blevins with one count of aiding and abetting first-degree aggravated robbery.

*Blevins*, 2013 WL 3368427, at *1.

## 2.     Procedural History in State Court

Blevins agreed to plead guilty to a lesser-included offense, third-degree assault. (State's Mem. at 3). His plea was not accepted, however, because he did not admit to an adequate factual basis with respect to causing his victim's injuries, and the case proceeded to trial. (*Id.*); *see also* (Tr. of 5/16/2012 Hr'g, Resp't's App., "State's App.") [Doc. No. 20 at 14].[2]

Two witnesses who observed the fight testified at trial that they saw Blevins searching H.K.'s pockets. Blevins testified in his own defense, and the district court allowed the state to impeach him with evidence of seven prior convictions. Blevins testified that he hit H.K. and that "a fight ensued." He admitted that he "went through [H.K.'s] pockets," but stated that he did not take anything and that he did not intend to rob H.K.

*Blevins*, 2013 WL 3368427, at *1. The jury found him guilty of aiding and abetting first-degree aggravated robbery. *Id.* "[T]he district court sentenced [Blevins] to 129 months in prison, the presumptive sentence for a person with [his] extensive criminal history. Blevins appealed." *Id.*

---

[2]     All page numbers cited in the Respondent's Appendix refer to the page numbers assigned by the State, which are consecutive throughout the appendix. For documents in the Respondent's Appendix, the Court will cite to the title of the document and the page number assigned by the State.

On appeal, Blevins made arguments similar to those he raises in the instant Petition. He argued that there was insufficient evidence to convict him, that the district court abused its discretion in allowing the State to use seven prior convictions to impeach him, and that the district court erred by not giving the jury a cautionary instruction about the prior convictions. *Id.* at *1–2, *5. The Minnesota Court of Appeals affirmed. *Id.* at *5.

First, Blevins argued that there was insufficient evidence to support his aggravated robbery conviction because the State did not show that he used force against H.K. for the purpose of depriving him of property. *Id.* at *2. Instead, Blevins argued, moving H.K.'s wallet was an afterthought. *Id.* The appellate court noted that the robbery statute does not require the defendant to have intent to take property before using force.[3] *Id.* Instead, it only requires the State to prove Blevins had a "'purposeful or conscious desire to bring about a criminal result.'" *Id.* (quoting *State v. Charlton*, 338 N.W.2d 26, 30 (Minn. 1983)). The appellate court found it was reasonable for the jury to conclude "that Blevins took H.K.'s wallet knowing that he was not entitled to it and used force to compel H.K.'s acquiescence in the taking." *Id.* The appellate court stated Blevins "purposefully brought about the criminal result," which was sufficient for the aggravated robbery conviction. *Id.* (citing *Charlton*, 338 N.W.2d at 30).

Second, Blevins argued "the district court abused its discretion in allowing the [S]tate to

---

[3]     Specifically, the aggravated robbery statute states:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both.

Minn. Stat. § 609.24.

impeach him with evidence of seven . . . prior convictions." *Id.* Blevins argued that two of the convictions, "the 2005 theft-from-person conviction and the 2008 felon-in-possession conviction," should not have been admitted because the district court "did not make particularized findings on the *Jones* factors." *Id.* at *3. The district court must consider the five *Jones* factors when exercising its discretion to determine whether the probative value of prior convictions outweighs their prejudicial effect. *Id.* (citing Minn. R. Evid. 609(a); *State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978)).[4] The factors considered are:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue.

*Jones*, 271 N.W.3d at 538. The appellate court found that although the district court did not analyze each factor for the 2005 and 2008 convictions, it referred back to its ruling regarding earlier convictions for some factors, which were the same for all of the convictions. *Blevins*, 2013 WL 3368427, at *3. Additionally, the district court analyzed the third factor—similarity of the past crime with the charged crime—separately. *Id.* The appellate court found there was no abuse of discretion in the district court's consideration of the *Jones* factors. *Id.* The appellate court then went on to consider each of the *Jones* factors for the convictions admitted into evidence. *See id.* at *3–5. Specifically, with respect to the convictions that were older than ten

---

[4]     Minnesota Rule of Evidence 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, or (2) involved dishonesty or false statement, regardless of the punishment.

years, it found that under Minnesota Rule of Evidence 609(b), "the district court properly found that these are clearly crimes of dishonesty and would be very relevant . . . and are not outweighed by any unfair prejudice to the defendant."[5] *Id.* at *4 (internal quotation marks omitted). It found the only factor that weighed against admission of the prior convictions was the centrality of evidence because "[t]his case did not come down to Blevins's word versus that of another witness." *Id.* at *5. Overall, the appellate court found "the district court did not abuse its discretion in determining that the probable value of Blevins's seven prior convictions outweighed their prejudicial effect." *Id.*

Finally, Blevins argued "the district court erred by failing to give the jury a cautionary instruction when the prior convictions were admitted." *Id.* Because Blevins did not object at trial, the appellate court applied plain-error review. *Id.* The appellate court found that there was plain error, but that it did not affect Blevins's substantial rights because the district court gave the jury a limiting instruction at the end of the trial and because the State did not heavily emphasize the prior convictions. *Id.*

Blevins filed a Petition for Review at the Minnesota Supreme Court through counsel. (Pet. for Review of Decision of Court of Appeals, "Pet. for Review," State's App. at 48). Blevins

---

[5]     Minnesota Rule of Evidence 609(b) states:

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

sought review of the same three arguments advanced at the Minnesota Court of Appeals: there was insufficient evidence to convict him; the prior convictions were not appropriately evaluated under *Jones* and two of the convictions that were older than ten years did not meet the requirement that their probative value outweighed their prejudicial effect for admission; and the error of failing to provide a limiting instruction at the time the prior conviction evidence was admitted was not a harmless error. (*Id.* at 54–57).

Blevins also filed a Motion to Accept *Pro Se* Petition for Review through counsel, which included his *Pro Se* Petition for Review. (Mot. to Accept *Pro Se* Pet. for Review of Decision of Court of Appeals, "Mot. to Accept *Pro Se* Pet. for Review," State's App. at 62–63); (*Pro Se* Pet. for Review of Decision of Court of Appeals, "*Pro Se* Pet. for Review," State's App. at 58–61). In his motion, Blevins asked the Minnesota Supreme Court to consider his *Pro Se* Petition for Review because it would serve the interests of justice by providing complete review of *pro se* issues, because "appellate issues must be presented to the highest appellate court in the state to preserve the issues for potential federal review," and because "justice would be served by granting this motion since [Blevins] did not have the opportunity to voice his arguments in a *Pro Se* Supplemental Brief at the lower appellate level." (Mot. to Accept *Pro Se* Pet. for Review at 63). In his *Pro Se* Petition for Review, Blevins argued there was insufficient evidence for the following reasons: the victim was not actually robbed and never reported that he was robbed; one witness's testimony in court—that he saw someone take the victim's wallet—did not match his statements during a police interview; a detective made a prejudicial statement that was inconsistent with his notes; and Blevins was being prosecuted because of his "extensive criminal history." (*Pro Se* Pet. for Review at 59–61).

The Minnesota Supreme Court denied Blevins's Motion to Accept *Pro Se* Petition for

Review and Blevins's Petition for Review. (Order, *State v. Blevins*, No. A12-1479 (Minn. Aug. 5, 2013), "Minn. Order Dated Aug. 5, 2013," State's App. at 64); (Order, *State v. Blevins*, No. A12-1479 (Minn. Sept. 17, 2013), State's App. at 65).

### B.     Procedural History in Federal Court

Blevins filed his Petition on October 8, 2013, arguing four grounds for relief. (Pet.). First, he argues there was insufficient evidence to support his conviction because none of the witnesses the detective interviewed told the detective they saw any property taken and because the victim told the detective he was not robbed. (*Id.* at 5).[6] Second, Blevins argues that using prior convictions that were more than ten years old violated the rules of court. (*Id.* at 7). Third, Blevins argues the trial court erred when it failed to give the jury a cautionary instruction. (*Id.* at 8). Finally, Blevins argues ineffective assistance of trial counsel. (*Id.* at 9).

Concurrent with his Petition, Blevins filed an exhibit (the "Petition Exhibit"), two motions to set aside his sentence, and a memorandum. (Ex., Attached to Pet., "Pet. Ex.") [Doc. No. 1-1];[7] (Pet'r's Habeas Corpus Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2254, "Mot. to Set Aside") [Doc. No. 3]; (Mot. to Vacate the Charge & Sentence of Aiding & Abetting Aggravated Robbery, "Mot. to Vacate") [Doc. No. 4]; (Mem. of Law in Supp. of Mot. to Vacate, "Mem. in Supp. of Mot. to Vacate") [Doc. No. 5].

In his Motion to Set Aside, Blevins asserts that he is making a claim of innocence. (Mot. to Set Aside at 1). But the remainder of the Motion argues that there was insufficient evidence to convict him. *See* (*id.* at 5–7). He argues the victim's statements do not match the statements

---

[6]     Page 5 also includes a statement that his trial counsel was ineffective "by not entering and presenting exculpatory evidence." (Pet. at 5). The Court will address this allegation as a separate ground for relief.

[7]     The Petition Exhibit contains transcripts of 911 calls, witness statements, and portions of the trial transcript. (Pet. Ex.).

witnesses made during discovery and during the 911 calls; a video was not submitted as evidence; witness interviews only describe a physical altercation between Blevins and the victim and do not describe Blevins taking any property from the victim; and the victim never told anyone he was robbed. (*Id.* at 5–6). Blevins also included page 234 of the trial transcript, which is the victim's testimony that he told the detective the incident was not a robbery. (*Id.* at 8).

In his Motion to Vacate, Blevins asks the Court to review his Petition and memorandum of law because he asked his appellate attorney to submit a letter to the Minnesota Court of Appeals as a *Pro Se* Supplemental Brief. (Mot. to Vacate at 2). He says the supporting memorandum presents a claim of actual innocence and "actual prejudice that demonstrated errors . . . of constitutional dimensions." (*Id.* at 3). He asks the Court to "review the factual evidence of the witnesses['] discovery statements . . . and see they do not support the charge of aiding and abetting aggravated robbery." (*Id.*). In the accompanying memorandum, Blevins again says he is making a claim of actual innocence, but he discusses the two-prong test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). (Mem. in Supp. of Mot. to Vacate at 2). First, Blevins argues his trial counsel was ineffective because during the plea negotiations, she failed to adequately represent him by not correcting the misunderstanding between Blevins and the district court that caused the district court to reject his plea and set the case for trial. (*Id.* at 2–3). Second, he argues his trial counsel failed to present exculpatory evidence, namely the "discovery statements" of a witness named Abdikadir Ahmed. (*Id.* at 3). According to Blevins, this statement says the witness did not see Blevins take any property from the victim. (*Id.* at 3, 6). Blevins also argues Mr. Ahmed's brother is a police officer, which his counsel should have presented to the jury. (*Id.* at 4, 6). Blevins further argues that Fredrick McDonald testified that a witness named Samsan saw Blevins take a wallet from

the victim, but that is not consistent with Samsan's testimony at trial or the statements produced

in discovery. (*Id.* at 5). Blevins again submits page 234 of the trial transcript. (*Id.* at 7). He also

includes a page from the Criminal Law Deskbook that addresses inconsistent witness statements.

(*Id.* at 8).

A few days after Blevins submitted the above motions and memorandum, he submitted

an exhibit that includes the judgment in the Minnesota Court of Appeals and several letters that

appear to be from Blevins to the State of Minnesota Public Defender's Appellate Office (the "PD

Appellate Office") in general and to his appellate attorney specifically. (Ex., "Blevins's Letters")

[Doc. No. 6]. He also attached what appears to be a Notice of Appeal to the Eighth Circuit. (Ex.

1, Attached To "Blevins's Letters") [Doc. No. 6-1]. The document does not address an appeal;

instead, Blevins asks for review of his petition and memorandum because his appellate public

defender told him he could submit a *pro se* supplemental brief to the Minnesota Court of

Appeals, but the appellate public defender did not submit his letters on his behalf. *See* (*id.* at 2).[8]

On October 18, 2013, the Honorable Arthur J. Boylan denied Blevins's motions without

prejudice and stated that the Court would consider Blevins's arguments in its "resolution of the

four claims presented in his habeas corpus petition." (Order Dated Oct. 18, 2013) [Doc. No. 10 at

3]. Chief Magistrate Judge Boylan also ordered the State to respond to Blevins's Petition within

thirty days. (*Id.*). Shortly thereafter, Blevins filed a motion to amend his Petition, asking the

Court to consider the arguments raised in his Motion to Set Aside, namely "there is evidence that

the crime of taking property did not transpire at all." (Mot. to Amend 2254 Pet.) [Doc. No. 11 at

1]. Chief Magistrate Judge Boylan denied the Motion to Amend, stating that Blevins's arguments

---

[8]     The text on page 2 of this exhibit is identical to the text on page 2 of the Motion to
Vacate.

would still be considered in the Court's determination of the Petition, and that Blevins will have an opportunity to reply to the State's answer if he wants to "present pertinent additional argument in support of his procedural positions and substantive claims for habeas corpus relief." (Order Dated Oct. 31, 2014) [Doc. No. 14 at 1–2].

The State responded to the Petition filing an answer, memorandum, and appendix containing relevant state court documents. (State's Answer to Pet. for Writ of Habeas Corpus, "State's Answer") [Doc. No. 18]; (State's Mem.); (State's App.). Blevins then filed a motion to be sent back to prison, and a reply. (Mot. to Send Pet'r Back to Prison); (Reply).

## II.    DISCUSSION

### A.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes the standards that govern substantive review of Blevins's habeas claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides in part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

The Eighth Circuit has explained:

> A state court decision is "contrary to" clearly established federal law if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." A state court "unreasonably applies" Supreme Court precedent if it "identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (citation omitted) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)).

A writ of habeas corpus can also be granted if the state courts' resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court evidentiary record. *See id.*

Needless to say, a federal district court is not allowed to conduct its own *de novo* review of a prisoner's constitutional claims. *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter."). "AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt . . . ." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and quotations omitted). Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. *See, e.g.*, *Harrington v. Richter*, 131 S. Ct. 770, 785–86 (2011) (explaining the burdens faced by a federal habeas petitioner seeking relief based on an alleged error by the state court). Moreover, the petitioner must show that the error is one that is actionable under § 2254(d). *See id.* The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

B.      **Procedural Default**

A federal district court may entertain a state prisoner's application for a writ of habeas

corpus only when the petitioner has exhausted the state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Gill v. Swanson*, No. 07-4555 (JMR/AJB), 2008 WL 4371378, at *2–3 (D. Minn. Sept. 22, 2008). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citation omitted). Thus, a claim has not been fairly presented if a state appellate court expressly declines to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented, a court must determine whether state procedural rules would allow hearing on the merits. *Gill*, 2008 WL 4371378, at *3. If the state's procedural rules preclude a hearing on the merits, the petitioner has procedurally defaulted and is procedurally barred from federal habeas relief unless either cause and prejudice or a miscarriage of justice can be shown. *See, e.g.*, *id.* (citing *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997)).

Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). When a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McCall*, 114 F.3d at 757.

Minnesota law provides that all matters raised in a petitioner's direct appeal and all claims known but not raised are barred from consideration in a subsequent post-conviction petition. *McCall*, 114 F.3d at 757 (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). This is often referred to as the *Knaffla* rule. *See Powers v. State*, 731 N.W.2d 499, 501–02 (Minn. 2007). "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Id.* at 502.

A petitioner can avoid the state court procedural bar only by demonstrating cause for default and actual prejudice as a result of the violation of federal law or by showing actual innocence (also called the miscarriage of justice exception). *Schlup v. Delo*, 513 U.S. 298, 314–17 (1995); *McCall*, 114 F.3d at 758.

## C.    Analysis

### 1.    Insufficient Evidence

In ground one of the Petition, Blevins argues the evidence used to convict him was insufficient because witnesses interviewed by a detective did not see any property taken from the

victim and because the victim told a detective he was not robbed. (Pet. at 5); *see also* (Mot. to Set Aside at 1, 3, 6–7); (Mem. in Supp. of Mot. to Vacate at 3, 4).

As an initial matter, Blevins appears to conflate his insufficient-evidence claim with his ineffective-assistance-of-counsel claim. *See* (Pet. at 5). Blevins states: "[N]one of the witnesses interviewed by the detective [saw] property taken and . . . [the victim] [t]old [t]he detective that he felt he was not robbed [b]ecause [Blevins] took no property from him[.] [Trial counsel] was ineffective counsil [sic] by not entering and presenting exculpatory evidence." (*Id.*). Elsewhere, Blevins argues that the witnesses' testimony at trial was inconsistent with statements they made during their 911 calls or during their interviews with the investigating detective. *See, e.g.*, (Mot. to Set Aside at 1, 5, 6) (stating that the victim's statements do not match the witnesses' statements made during the investigation or during 911 calls); (Mot. to Vacate at 3) (asking the Court to review the "factual evidence of the witnesses['] discovery statements . . . and see they do not support the charge of aiding and abetting aggravated robbery"). He also argues his trial counsel failed to present the discovery statements of Abdikadir Ahmed, who testified at trial, and categorizes these statements as "exculpatory evidence." (Mem. in Supp. of Mot. to Vacate at 3). In other words, Blevins appears to argue that his trial counsel provided ineffective assistance of counsel, and if she **had** provided effective assistance of counsel, there would have been insufficient evidence to convict him. This is an ineffective-assistance-of-counsel argument that requires a showing that counsel's representation was deficient and the deficiency prejudiced Blevins's case. *Miller v. Dormire*, 310 F.3d 600, 602 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 687–88).

In contrast, an insufficient evidence claim requires the Court to review whether, considering the evidence at trial, "'**any** rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt.'" *Sera v. Norris*, 500 F.3d 538, 543 (8th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Thus, an insufficient-evidence claim can only be based on evidence presented to the jury, regardless of what other evidence was available but ultimately not used at trial.

The State argues Blevins's insufficient-evidence claim is procedurally defaulted because Blevins knew of this issue at the time of his direct appeal but failed to present it. (State's Mem. at 8). In the alternative, the State argues the claim fails on its merits. (*Id.* at 9–10).

### a.   Procedural Default

Blevins's argument that there was insufficient evidence to convict him is procedurally defaulted. First, Blevins did not fairly present the claim to the state courts. *See Baldwin*, 541 U.S. at 29. At the Minnesota Court of Appeals and in his Petition for Review at the Minnesota Supreme Court, Blevins argued that there was insufficient evidence to convict him because the State did not prove that he intended to rob the victim when the incident began. *Blevins*, 2013 WL 3368427, at *2; *see also* (Appellant's Br., *State v. Blevins*, No. A12-1479 (Minn. Ct. App. Jan. 28, 2013), "Appellant's Br.," State's App. at 34–37); (Pet. for Review at 54–55). This is a different argument than the argument in Blevins's Petition here, where he argues none of the witnesses observed him take anything from the victim and the victim told the police he was not robbed. (Pet. at 5); *see also* (Mot. to Set Aside at 1, 3, 6–7); (Mem. in Supp. of Mot. to Vacate at 3–4). A petitioner "must present the same facts and legal theories to the state court that he later presents to the federal courts" for the claim to be considered "fairly presented." *Jones v. Jerrison*, 20 F.3d 849, 854 (8th Cir. 1994). Here, Blevins presents the same claim—insufficient evidence—but he argues different facts in support of his contention. Therefore, Blevins failed to

fairly present the insufficient evidence claim in his Petition to the state courts, and the claim is unexhausted.

Whether an unexhausted claim is procedurally defaulted depends on whether a state procedural rule precludes a hearing on the merits. *McCall*, 114 F.3d at 757. Minnesota state courts prevent claims known but not raised on direct appeal from consideration in a subsequent post-conviction petition. *Id.* (citing *Knaffla*, 243 N.W.2d at 741). Here, to the extent Blevins's argument is that the evidence presented at trial was insufficient, he knew or should have known of this claim at the time of his direct appeal because it is based on facts developed at trial. *See Schleicher v. State*, 718 N.W.2d 440, 446–47 (Minn. 2006) (stating that *Knaffla* bars defendant's claims that were known or should have been known at the time of the direct appeal). Neither one of the exceptions to the *Knaffla* rule—a novel legal issue or the interests of justice—suggest that a Minnesota court would review this claim in a post-conviction proceeding. *See Powers*, 731 N.W.2d at 502. Therefore, because his claim is barred under *Knaffla* and no exceptions apply, it is procedurally defaulted.

In the alternative, the Court considers whether Blevins's attempt to raise the same insufficient-evidence claim in his *Pro Se* Petition for Review to the Minnesota Supreme Court provides a vehicle for habeas review. (*Pro Se* Pet. for Review at 59–60); *see also* (State's Mem. at 8). Because the Minnesota Supreme Court denied Blevins's Motion to Accept Petition for Review, the Minnesota Supreme Court did not consider the claim. *See* (Minn. Order Dated Aug. 5, 2013). Therefore, the claim is unexhausted. *Rivera v. King*, Civil No. 10-3954 (RHK/FLN), 2011 WL 4458729, at *6 (D. Minn. Aug. 12, 2011) (finding that a claim in a *Pro Se* Supplemental Petition for Review to the Minnesota Supreme Court, which was not accepted, was unexhausted). Arguably, the Minnesota Supreme Court denied the Motion based on a procedural

rule prohibiting the filing of *pro se* supplemental Petitions for Review, which means the claim is procedurally defaulted. *Hall*, 41 F.3d at 1250; *see Conley v. United States*, Civ. No. 13-1069 (PAM/JJK), 2013 WL 5567453, at *3 (D. Minn. Oct. 9, 2013) (noting that the Minnesota Supreme Court denied the defendant's motion to file a *pro se* supplemental petition for review because Minn. R. Crim. P. 29.04 does not permit it when the defendant is represented by counsel); *see also* (*id.*) (stating that the Minnesota Supreme Court's refusal to accept petitioner's *Pro Se* Supplemental Petition for Review was based on state procedural rules).[9] But even if the Minnesota Supreme Court's order is considered a ruling on the merits because it failed to cite a procedural rule, this Court must next consider whether a state procedural rule precludes a hearing on the merits. *McCall*, 114 F.3d at 757. As stated above, Blevins knew about his insufficient evidence argument at the time of his direct appeal, and because he did not present it to the Minnesota state courts, it is procedurally defaulted.

Thus, under either analysis, Blevins's claim of insufficient evidence is procedurally defaulted. The Court must now consider whether cause or a miscarriage of justice excuses Blevins's procedural default. *McCall*, 114 F.3d at 757.

### b.    Cause and Prejudice

To establish cause, a petitioner must point to an external factor that "made compliance impracticable." *Coleman*, 501 U.S. at 753 (internal quotation marks omitted). Blevins states that he did not raise this claim on direct appeal because his appellate attorney did not include his

---

[9]    The Minnesota Rules of Criminal Procedure do not expressly prohibit a defendant represented by counsel from filing a *pro se* supplemental petition for review. *See* Minn. R. Crim. P. 24.09. But the Rule does not address it in its comprehensive instructions regarding petitions for review. *See id.* In contrast, the Rules explicitly provide guidance for a defendant represented by counsel to file a *pro se* supplemental brief to the Minnesota Court of Appeals. Minn. R. Crim. P. 28.02 subdiv. 5(17).

issues in her brief, and she told him he could write his *pro se* supplemental brief as a letter. (Pet. at 6); *see also* Minn. R. Crim. P. 28.02 subdiv. 5(17) (providing instructions for *pro se* supplemental briefs). He notes he includes copies of "those letters." (Pet. at 6); *see also* (Blevins's Letters).[10] In other words, Blevins's argument is that his cause for the procedural default was ineffective assistance of appellate counsel. Ineffective assistance of counsel, however, cannot serve as cause to excuse a procedural default, unless the proffered ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue. *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance' . . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)); *see also Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) (stating that "[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state post[-]conviction proceedings before it can be relied upon in a federal habeas proceeding."). Blevins has not presented any ineffective assistance of counsel claim to any state court and therefore, ineffective assistance of counsel cannot serve as cause to excuse his procedural default.[11] Because Blevins cannot establish cause, the Court need not consider whether Blevins demonstrates prejudice. *McCall*, 114 F.3d at 758.

---

[10]    These letters all appear to be addressed to either the PD Appellate Office or Blevins's appellate attorney. As best the Court can discern, none of the letters appear to be addressed to the Minnesota Court of Appeals or labeled as a *pro se* supplemental brief.

[11]    Not only has Blevins not presented an ineffective assistance of **appellate** counsel claim to excuse his procedural default for his insufficient evidence claim, but he has likewise failed to raise a claim for ineffective assistance of **trial** counsel, for which he now seeks relief in the instant Petition, and discussed below.

### c.     Fundamental Miscarriage of Justice

Procedural default may also be excused if the petitioner demonstrates a fundamental miscarriage of justice occurred. *Schlup*, 513 U.S. at 314–17; *McCall*, 114 F.3d at 758. A petitioner may show a "fundamental miscarriage of justice" when there is a "showing, based on **new evidence**, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1996) (quoting *Schlup*, 513 U.S. at 327) (emphasis added). To successfully present a "fundamental miscarriage of justice" argument, "[i]n other words, [Blevins] cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he must truly be innocent of the crime for which he was convicted." *Gail v. Dingle*, No. 08-cv-404 (JMR/JSM), 2008 WL 5382293, *6 (D. Minn. Dec. 22, 2008). Blevins's submissions purport to be a claim of "actual innocence." *See* (Mot. to Set Aside); (Mot. to Vacate). As stated above, however, these submissions address his argument that the evidence was insufficient to convict him. (*Id.*). Blevins offers no **new** evidence that supports the argument that he is innocent, and therefore, he has failed to establish that a fundamental miscarriage of justice should excuse his procedural default.

### d.     Summary of Insufficient Evidence Claim

Blevins's insufficient-evidence claim is procedurally defaulted. Additionally, Blevins does not establish cause or a miscarriage of justice to excuse the procedural default. Therefore, the Court cannot review this claim on its merits.

### 2.     Ineffective Assistance of Counsel

Blevins's fourth ground for habeas relief is that he received ineffective assistance of trial counsel. (Pet. at 9); (Blevins's Reply at 1–3); *see also* (Mem. in Supp. of Mot. to Vacate at 2).

Blevins argues his trial counsel did not adequately represent him during the plea negotiations because she did not correct the misunderstanding between Blevins and the district court that resulted in the district court's rejection of his plea. (Reply at 2); (Mem. in Supp. of Mot. to Vacate at 3). He also argues his trial counsel failed to present exculpatory evidence in the form of statements made during discovery that were inconsistent with testimony at trial and failed to inform the jury that a witness's brother was a police officer. (Reply at 2–3); (Mem. in Supp. of Mot. to Vacate at 3–6). The State argues that because Blevins knew about his complaint regarding his trial counsel at the time of his direct appeal and failed to raise it, this claim is procedurally defaulted. (State's Mem. at 15). Even if the claim was not procedurally defaulted, the State argues it fails on its merits. (*Id.* at 18–19).

### a.     Procedural Default

Blevins did not raise ineffective assistance of counsel before the Minnesota Court of Appeals or in his Petition for Review to the Minnesota Supreme Court. (Appellant's Br. at 17–47); (Pet. for Review at 48–57). Therefore, Blevins's ineffective assistance of counsel claim was not fairly presented to the highest state court, and is unexhausted. *Baldwin*, 541 U.S. at 29.

The Court next considers whether a state procedural rule precludes a hearing on the merits. *McCall*, 114 F.3d at 757. "[I]neffective assistance of trial counsel claims are barred under *Knaffla* on post[-]conviction review if the claim is based solely on the trial record and the claim was known or should have been known on direct appeal." *Buckingham v. State*, 799 N.W.2d 229, 233 (Minn. 2011) (internal quotation marks omitted). Blevins knew of his trial counsel's actions with respect to the plea agreement and knew of his trial counsel's strategy at trial, including testimony presented. *See Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (stating that at the time of defendant's direct appeal, defendant knew of defense counsel's strategy at trial, and

therefore knew or should have known of his ineffective assistance of trial counsel claims at the time of direct appeal; finding the ineffective-assistance-of-trial-counsel claims barred under *Knaffla*). The letters Blevins submitted also show Blevins knew of his ineffective assistance of counsel claim at the time of his direct appeal. (Blevins's Letters at 5, 7, 9, 12–13). But because he did not raise his ineffective-assistance-of-counsel claim on direct appeal, Minnesota courts will not allow a hearing on the merits. *McCall*, 114 F.3d at 757 (citing *Knaffla*, 243 N.W.2d at 741).[12] Therefore, the claim is procedurally defaulted.

**b.      Excuse for Procedural Default**

The Court next considers whether cause and prejudice or a miscarriage of justice excuses Blevins's procedural default. *McCall*, 114 F.3d at 757. Unlike his insufficient-evidence claim, Blevins does not offer any explanation for his procedural default. (Pet. at 9). To the extent he relies on ineffective assistance of appellate counsel for any alleged failure to permit him to file a *pro se* supplemental brief with the Minnesota Court of Appeals, that argument is foreclosed because Blevins has not litigated ineffective assistance of appellate counsel in the state courts, as discussed above. *See Edwards*, 529 U.S. at 452. The Court need not consider any prejudice argument because Blevins does not demonstrate cause. *McCall*, 114 F.3d at 758. Further, Blevins submits no new evidence showing a constitutional error that resulted in Blevins's conviction for a crime of which he is actually innocent to support an argument that a miscarriage of justice has occurred. *See Brownlow*, 66 F.3d at 999.

The Court finds Blevins cannot be excused from his procedural default on his ineffective assistance of counsel claim, and therefore, his Petition must be denied with respect to this claim.

---

[12]      Additionally, neither *Knaffla* exception applies. *See Powers*, 731 N.W.2d at 502.

### 3.      State Law Claims

In grounds two and three of the Petition, Blevins argues that the trial court erred in its application of Minnesota state law. (Pet. at 7–8). Specifically, Blevins argues the district court erred in admitting convictions more than ten years old and by failing to give the jury a cautionary instruction about the prior convictions.[13] (*Id.*). The Court refers to these as the "State Law Claims." The Minnesota Court of Appeals analyzed these issues on state law grounds, and Blevins did not raise any federal or Constitutional challenge at the state court level. *Blevins*, 2013 WL 3368427, at *2–5; (Appellant's Br. at 37–46).

Blevins's State Law Claims are not reviewable because he makes no allegation his custody is based on any violation of the United States laws or the Constitution. *See* 28 U.S.C. § 2254(a). A federal court is not permitted to "reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Even if this Court construes Blevins's State Law Claims as presenting due process challenges, Blevins did not present the State Law Claims as due process challenges to the Minnesota state courts. *See* (Appellant's Br.). Thus, they are procedurally defaulted, and, as discussed above, there are no grounds to excuse the procedural default.

The Court recommends Blevins's Petition be denied to the extent it seeks relief based on his State Law Claims.

---

[13]      Blevins does not identify the specific cautionary instruction the district failed to give the jury. *See* (Pet. at 8). Like the State, the Court assumes that Blevins is referring to the failure to give a cautionary instruction regarding evidence of Blevins's past convictions. *See* (State's Mem. at 10 n.4). To the extent Blevins intended to raise the failure to provide any other cautionary instruction to the jury, that claim is procedurally defaulted because it was not fairly presented to the Minnesota state courts. *See McCall*, 114 F.3d at 757.

### 4.      Conclusion

Blevins's claims that there was insufficient evidence to convict him and that his trial counsel was ineffective are procedurally defaulted. In addition, his State Law Claims raise no Constitutional issues or violations of United States law, and therefore cannot be reviewed. 28 U.S.C. § 2254(a). Therefore, the Court recommends that Blevins's Petition be denied and this action be dismissed.

### D.      Motion to Send Petitioner Back to Prison

In his Motion to Send Petitioner Back to Prison, Blevins alleges he is being treated cruelly, his medical issues are not being addressed, the guards are poisoning him, he is denied access to legal books, and other inmates are calling him racial names. (Mot. to Send Pet'r Back to Prison). Blevins also asserts his "life is in danger . . . in this county [j]ail" without any additional supporting facts. (*Id.*). Although the Motion itself seeks only a "review [of his] cla[i]ms," Blevins titled the document "Motion to Send Petitioner Back to Prison (DOC)," suggesting he seeks to be incarcerated at some other location. *See* (*id.*).

Blevins's Motion to Send Petitioner Back to Prison is moot for three reasons. First, the Court recommends denying the Petition and dismissing the action, which, if this recommendation is adopted, makes the Motion moot. Second, the appropriate method for a state prisoner to seek redress of allegedly unconstitutional conditions of confinement is a civil rights action. *Martin v. Benson*, 815 F. Supp. 2d 1086, 1097 n.5 (D. Minn. 2011) (DSD/JJK). Finally, Blevins no longer appears to be incarcerated in the location about which he complains. The return address on the envelope containing the Motion is the address identified in Blevins's Petition, Sherburne County Jail. *Compare* (Envelope, Attached to Motion) [Doc. No. 22-1] *with* (Envelope, Attached to Pet.) [Doc. No. 1-4]. Blevins later filed a Notice of Change of Address,

which give his new address as Minnesota Correctional Facility—Moose Lake. (Notice of Change of Address) [Doc. No. 24]. Therefore, the concerns raised in the Motion about Sherburne County Jail are moot now that he is incarcerated at a different facility.

The Court denies the Motion as moot.

## III.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Blevins's claims any differently than they have been decided here. Blevins has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Blevins not be granted a COA in this matter.

## IV.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Blevins's Motion to Send Petitioner Back to Prison [Doc. No. 22] is **DENIED**.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Blevins's Petition for habeas relief under 28 U.S.C. § 2254 [Doc. No. 1] be

**DENIED**;

2.      This action be **DISMISSED**; and

3.      If this Report and Recommendation is adopted, a COA should not issue, and

judgment should be entered accordingly.

Dated: September 15, 2014

   *s/Steven R. Rau*

STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by    **September 29, 2014,**    a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.