UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Earley Romero Blevins,  Case No. 13-cv-2796 (PAM/SER)

    Petitioner,

v.

**ORDER**

Department of Corrections,

    Respondent.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Stephen E. Rau dated September 15, 2014.  In the R&R, Magistrate Judge Rau recommends that the Court deny the Petition for a Writ of Habeas Corpus and dismiss this action with prejudice.  Earley Romero Blevins timely filed an Objection to the R&R.  According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that review, the Court overrules the Objection and adopts the R&R.

**BACKGROUND**

Blevins was convicted in Minnesota state court of aiding and abetting first-degree aggravated robbery.  He is now serving a sentence of 129 months in a Minnesota state correctional facility.

1

In 2013, Blevins brought this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, contending that several aspects of his trial violated his rights under the United States Constitution. Specifically, Blevins raised four grounds for relief: (1) the evidence was insufficient to convict him; (2) the trial court violated its own rules by using criminal convictions more than ten years old; (3) the trial court failed to provide a cautionary instruction to the jury; and (4) he received ineffective assistance of counsel. Although the Petition raised four challenges to his conviction and the manner in which it was imposed, the Objection discusses only one of these challenges. Having failed to raise any specific objection to the other three challenges, the Court deems those challenges abandoned.

**DISCUSSION**

Blevins's single Objection contends that Magistrate Judge Rau erred in concluding that the challenge to his conviction on ineffective assistance of counsel grounds was procedurally defaulted and that no miscarriage of justice occurred to excuse the default. But Blevins does not challenge any specific ruling in the thorough and detailed R&R. Rather, he merely repeats the arguments he made in his Petition about how he received ineffective assistance of trial counsel. He does not address any of the multitude of issues the R&R discusses in explaining why his claims fail, either on the merits or because they are unexhausted or procedurally defaulted.

Having reviewed the R&R's analysis, the Court finds no error of fact or law. The R&R correctly analyzed that Blevins did not raise ineffective assistance of counsel before the Minnesota Court of Appeals or in his Petition for Review to the Minnesota Supreme

Court and, therefore, his claim is unexhausted. See Baldwin v. Reese, 541 U.S. 27, 29 (2004). Additionally, because Blevins knew of his counsel's strategy at trial and did not raise his ineffective-assistance-of-counsel claim at trial or at the time of direct appeal, Minnesota courts will not allow a hearing on the merits. See Schleicher v. State, 718 N.W.2d 440, 447 (Minn. 2006). Further, Blevins did not submit any new evidence showing a constitutional error that resulted in his conviction for a crime of which he is actually innocent to support an argument that a miscarriage of justice has occurred. See Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1996). The R&R's treatment of the merits of the remaining grounds is similarly thorough and well-reasoned.

**CERTIFICATE OF APPEALABILITY**

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "had made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473 484 (2000).

The Court agrees with the R&R that it is unlikely any other court, including the Eighth Circuit Court of Appeals, would decide Blevins's claims any differently. Blevins has not identified anything about this case that warrants appellate review.

**CONCLUSION**

Blevins has failed to establish that the state courts acted in derogation of federal law. As Magistrate Judge Rau concluded, the Petition must be denied. Accordingly, **IT IS HEREBY ORDERED** that:

1. Blevins's Objection to the R&R (Docket No. 26) is **OVERRULED**;

2. The R&R (Docket No. 25) is **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.

5. Blevins is **NOT** granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 3, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge